UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAIME SEIDEL VIVEROS,

v.  Case No. 8:04-cr-243-T-17MSS
    8:06-cv-2305-T-17MSS

UNITED STATES OF AMERICA.
_____


ORDER VACATING JUDGMENT, REIMPOSING SENTENCE,
GRANTING MOTION TO VACATE, IN PART


Pursuant *to United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

The Court has determined that an out-of-time appeal is warranted in this case. An

attorney has been appointed to represent Viveros.

Accordingly, the Court orders:

1. **That the criminal judgment from which this out-of-time appeal is to be permitted is vacated. (Doc. cr-271).**

2. That Viveros is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 135 months, credit for time served, which is calculated by the Bureau of Prisons and will be deducted from that sentence. (Doc. cr-271 at 2)

This term consists of terms of 135 months on each of counts I and II, all such terms to run concurrently. Upon release from imprisonment the defendant shall serve a five-year term of supervised release. This term consists of five-year terms as to Counts I and II and all such terms to run concurrently. (Doc. cr-271 at 3).

All further terms of the sentence as set out in Doc. cr-271, and Doc. cr-299 [Transcript of Sentencing Proceeding] shall remain the same.

3. Defendant has the right of appeal from the judgment and sentence within 10 days from this date. Failure to appeal within the ten-day period shall be a waiver of the right to appeal. The Government may file an appeal from this sentence.

Defendant is entitled to assistance of counsel in taking an appeal, and if Defendant is unable to afford a lawyer, one will be provided for him. (An attorney has been appointed to represent Viveros in his belated appeal.)

If Defendant is unable to afford the filing fee, the Clerk of the Court is directed to accept the Notice of Appeal without such fee.

**The Clerk is directed to enter judgment against Viveros in the criminal case**.

3. The Court construes its granting Viveros the opportunity to file a belated appeal

as granting the present 28 U.S.C. § 2255 motion to vacate (Doc. cv-1;cr-286) but only to the extent that Viveros may file the belated appeal. The Clerk is directed to enter judgment for Viveros in the civil case and to close that case.

    ORDERED at Tampa, Florida, on December 3, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Court Room Deputy: Cindy Leigh Martin
Pro se: Jaime Seidel Viveros